IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARY FEEZOR,                          )
                                      )       2:09-cv-00888-GEB-JFM
                Plaintiff,            )
                                      )       STATUS (PRETRIAL
        v.                            )       SCHEDULING) ORDER
                                      )
FOLSOM BROADSTONE, INC.;  BORDERS, )
INC., d/b/a Borders Books Music    )
Café #401;  BROADSTONE PLAZA 02,LP;)
ROSS DRESS FOR LESS, INC., d/b/a    )
Ross Dress for Less #483;  COST     )
PLUS, INC., d/b/a Cost Plus World   )
Market #178;  SWH CORPORATION,      )
d/b/a Mimi's Cafe #0056;  THELMA    )
JONES SAGEMAN, Trustee for the      )
Thelma Jones Sageman Separate       )
Property Revocable Trust dated      )
11/9/87,                            )
                                    )
                Defendants.[1]      )
_____)

        The status (pretrial scheduling) conference scheduled for

July 13, 2009, is vacated since the parties indicate in the Joint

Status Report filed on June 29, 2009, that the following Order should

issue.

_____

        [1]    The caption above was modified to reflect termination of
Defendants: Toys 'R' Us, d/b/a Babies 'R' Us #6447 and Marshalls of CA,
LLC d/b/a  Marshalls #821 filed on June 4, 2009; Old Navy, LLC d/b/a
Old Navy #6151 filed on June 9, 2009; Michael's Stores, Inc., d/b/a
Michael's Arts & Crafts #02046 filed on July 1, 2009;  TSA Stores, Inc.,
d/b/a Sports Authority #673 filed on May 11, 2009;  JR & TK Enterprises,
Inc., d/b/a McDonald's #26393 filed on July 6, 2009; and, Archland
Properties II, LP, filed on June 10, 2009.

1         SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

2         No further service, joinder of parties or amendments to

3 pleadings is permitted, except with leave of Court, good cause having

4 been shown.

5                       DISCOVERY

6         All discovery shall be completed by March 4, 2011.  In this

7 context, "completed" means that all discovery shall have been

8 conducted so that all depositions have been taken and any disputes

9 relative to discovery shall have been resolved by appropriate orders,

10 if necessary, and, where discovery has been ordered, the order has

11 been complied with or, alternatively, the time allowed for such

12 compliance shall have expired.[2]

13         Each party shall comply with Federal Rule of Civil Procedure

14 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or

15 before October 4, 2010, and any contradictory and/or rebuttal expert

16 disclosure authorized under Rule 26(a)(2)(c)(ii) on or before November

17 4, 2010.

18              MOTION HEARING SCHEDULE

19         The last hearing date for motions shall be May 4, 2011, at

20 9:00 a.m.[3]

21

22        The parties are advised that the Magistrate Judges in the

23 Eastern District are responsible for resolving discovery
disputes.  See Local Rule 72-302(c)(1).  Accordingly, counsel

24 shall direct all discovery-related matters to the Magistrate
Judge assigned to this case.  A party conducting discovery near

25 the discovery "completion" date runs the risk of losing the
opportunity to have a judge resolve discovery motions pursuant to

26 the Local Rules.

27       [3]   This time deadline does not apply to motions for continuances,

28 temporary restraining orders, emergency applications, or motions under
Rule 16(e) of the Federal Rules of Civil Procedure.

1  Motions shall be filed in accordance with Local Rule 78-
2  230(b).  Opposition papers shall be filed in accordance with Local
3  Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed</u>
4  <u>consent to the motion and the Court may dispose of the motion</u>
5  <u>summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
6  Further, failure to timely oppose a summary judgment motion may result
7  in the granting of that motion if the movant shifts the burden to the
8  nonmovant to demonstrate a genuine issue of material fact remains for
9  trial.  <u>Cf</u>. <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).
10  Absent highly unusual circumstances, reconsideration of a
11  motion is appropriate only where:
12  (1)  The Court is presented with newly discovered evidence
13  that could not reasonably have been discovered prior to the filing of
14  the party's motion or opposition papers;
15  (2)  The Court committed clear error or the initial decision
16  was manifestly unjust; or
17  (3)  There is an intervening change in controlling law.
18  A motion for reconsideration based on newly discovered evidence shall
19  set forth, in detail, the reason why said evidence could not
20  reasonably have been discovered prior to the filing of the party's
21  motion or opposition papers.  Motions for reconsideration shall comply
22  with Local Rule 78-230(k) in all other respects.
23  The parties are cautioned that an untimely motion
24  characterized as a motion in limine may be summarily denied.  A motion
25  in limine addresses the admissibility of evidence.
26  <u>FINAL PRETRIAL CONFERENCE</u>
27  The final pretrial conference is set for July 13, 2011, at
28  1:30 p.m.  The parties are cautioned that the lead attorney who WILL

TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trial worthy issues could be eliminated sua sponte "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[4] The joint pretrial statement shall specify the issues for trial and shall estimate the length of the trial.[5]  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

/ / /

---

[4]    The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[5]    **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

<u>TRIAL SETTING</u>

   Trial shall commence at 9:00 a.m. on October 11, 2011.

<u>MISCELLANEOUS</u>

   The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

   IT IS SO ORDERED.

Dated:  July 7, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

5